```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **JAB ENERGY SOLUTIONS II, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-556** |
| **SERVICIO MARINA SUPERIOR, LLC, ET AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

### Cause of Action and Facts of Case

This case arises out of two contracts, one between JAB Energy Solutions II, LLC, (JAB) and Servicio Marina Superior, LLC (SMS), and the other between JAB and Cashman Equipment Corp. (Cashman). Both contracts concerned JAB's transport of the D-21 platform from Louisiana to Malaysia.

The first contract, entitled the Contract of Affreightment ("COA") was between JAB and SMS. JAB contracted for the use of SMS's tug, the Atlas, to transport the D-21 platform. Pursuant to the terms of the COA, JAB's equipment was to be secured to Cashman's JMC-3330 barge ("JMC-3330") for the voyage. During the course of the voyage, JAB became dissatisfied with the progress and condition of the Atlas. JAB subsequently indicated it was terminating the COA. JAB then entered into a second contract - entitled the Barge Bareboat Charter - with Cashman on July 23, 2012. That agreement provided for the continued use of the JMC-3330, pulled by a different tug. The agreement also set forth the terms upon which the parties agreed to terminate the COA.

1

JAB filed the instant suit against SMS and Cashman, claiming breach of the COA. SMS and Cashman counterclaimed for delinquent payments under the Barge Bareboat Charter.

**Nature of Motion and Relief Sought**

In the instant motion, Defendants seek summary judgement in three respects:(1) dismissal of JAB claims against SMS and Cashman; (2) judgement in favor of Cashman on Cashman's counterclaim for $275,640.39 plus contractual interest, reasonable attorney's fees, and costs; and (3) judgement in favor of SMS for reasonable attorney's fees and costs.

Accordingly, and for the reasons articulated below **IT IS ORDERED** that Defendants' Motion for Summary Judgement (Rec. Doc. No. 21) is **DENIED.**

**Law and Analysis**

**I. Summary Judgement**

Summary judgment is proper if the record evidence shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable trier of fact to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant

must produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he issue of material fact required by Rule 56 to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).

In cases were a motion for summary judgement is filed preceding a bench trial, as is the case here, the presiding judge "has the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result." *U.S. Fid. & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863, 866 (5th Cir. 1996).

**II. Analysis**

The Court finds genuine issues of material fact on all three of the issues submitted by Defendants for summary judgement. Accordingly, summary judgement must be denied.

**A. *Issue 1 - JAB's Claims Against SMS and Cashman***

Defendants argue that JAB's claims are barred by the

parties' contractual agreements. Specifically, Defendants argue (1) that by signing the Barge Bareboat Charter, JAB gave up all rights it previously had under the COA; and (2) even if the COA controls, its term do not allow JAB to recover damages. The Court disagrees.

Defendants contend that the signing of the Barge Bareboat Charter constituted a novation of the prior agreement under Louisiana law. A novation "is the extinguishment of an existing obligation by the substitution of a new one." La. Civ. Code Ann. art. 1879. "[T]he burden of establishing a novation rests with the party asserting novation." *KeyBank Nat. Ass'n v. Perkins Rowe Associates, LLC*, 823 F. Supp. 2d 399, 408 (M.D. La. 2011) *aff'd sub nom. KeyBank Nat. Ass'n v. Perkins Rowe Assoc., L.L.C.*, 502 F. App'x 407 (5th Cir. 2012). Determining whether a second contract actually produced a novation, and not a second separate agreement, is a fact intensive inquiry - as the court must determine whether "the intent of the parties, the character of the transaction, the facts and circumstances surrounding the transaction and the terms of the agreement itself reveal a desire to effect a novation." *Wainer v. A.J. Equities, Ltd.*, 150 B.R. 916, 920 (E.D. La. 1992) (quoting *Pike Burden Printing, Inc. v. Pike Burden, Inc.*, 396 So. 2d 361, 365 (La. Ct. App. 1981)) *aff'd,* 984 F.2d 679 (5th Cir. 1993).

Nowhere in the Barge Bareboat Charter does JAB consent to

giving up any rights maintained under the COA. While the parties agreed to "terminate" the COA at the time of the Charter's signing, (Rec. Doc. No. 21-4), the termination does not indicate that the parties were giving up any right to sue for breach under the COA. The only fact clear from the Charter is that the Atlas was no longer the tug, and that the barge JMC-3330 would continue on the voyage. The Court cannot conclude on these facts alone that Defendants have met their burden in establishing that the parties intended to effect a novation. If anything, the contract is ambiguous as to whether it sought a novation or a separate agreement. This presents an issue of fact as to the parties' intentions, which is not properly resolved at the summary judgement stage. *Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454, 458-59 (5th Cir. 1995) ("[O]nce the contract is found to be ambiguous, the determination of the parties' intent through the extrinsic evidence is a question of fact."); *D.E.W., Inc. v. Local 93, Laborers' Int'l Union of N. Am.*, 957 F.2d 196, 199 (5th Cir. 1992) ("[I]f the contract is ambiguous, summary judgment is deemed inappropriate because its interpretation becomes a question of fact.").

   The same is true of Defendants' argument that a compromise occurred pursuant to La. Civ. Code art. 3071. That provision states "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an

uncertainty concerning an obligation or other legal relationship." *Id.* However, "[a] compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." La. Civ. Code Ann. art. 3076. Again, the Court points to the fact that the Charter contained no explicit language indicating that JAB gave up rights under the COA. Regardless, "the intent to compromise is usually, under Louisiana's transaction jurisprudence, an issue of fact that is not appropriate for summary judgment." *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002). The Court does not find reason to deviate from the general rule in this case, and instead finds there are indeed material disputes as to whether the parties intended to compromise.

    The Court similarly cannot accept Defendants' arguments that no disputed issues of material fact exist on JAB's claims under the COA. While Defendants vigorously argue that they made no warranties as to the time the voyage would be completed, the COA did provide that the "[c]arrier shall perform transportation service with due dispatch." (Rec. Doc. No. 21-3 at ¶ 3A). While the Court understands that Defendants made "no warranty as to speeds or arrival/departure times", *see id.*, there still, at the very least, remains a question of fact as to whether the "due dispatch" requirement was met. *See Concise Oil & Gas P'ship v.*

*Louisiana Intrastate Gas Corp.*, 986 F.2d 1463, 1469 (5th Cir. 1993)("[W]hether the parties' conduct constitutes a breach 'presents a pure question of fact that the trier of fact alone may decide.'") (*quoting Turrill v. Life Ins. Co. of North America,* 753 F.2d 1322, 1326 (5th Cir.1985)).[1]

**B.  *Issue 2 - Money Owed Cashman***

There are further disputed issues of material fact regarding Cashman's counterclaim. Specifically, an indemnification provision was included in the COA, holding harmless JAB for certain costs or claims incurred on the voyage. Section 5(A)(1)(C) of the COA provides:

> [SMS] shall be responsible for and shall defend, indemnify and hold harmless [JAB] form [sic] and against any and all claims, demands or causes of action for damage or loss or expense to the Vessels during transit while under the custody and/or control of [SMS], howsoever caused, and even if caused by the negligence or other legal fault of [JAB], except however those liabilities and responsibilities assumed by [JAB] . . .

(Rec. Doc. No. 21-3)

Whether or not this provision may serve to indemnify JAB for costs incurred as a result of the Barge Bareboat Charter turns on whether the fees incurred in signing the Barge Bareboat Charter are properly construed as "claims, demands or causes of action for damage or loss or expense to the Vessels", and whether any

---

[1] Because the Court finds a disputed issue of material fact regarding this contract provision, sufficient for the case to proceed to trial, it does not reach the question here as to whether other provisions of the COA may additionally permit recovery or, instead, are barred as a matter of law.

such expenses were incurred "during transit while under the custody and/or control of [SMS]." These are questions of fact not properly resolved at the summary judgement stage.[2]

C. *Issue 3 - SMS Attorney's Fees*

The Court, having determined there are issues of material fact at issue, does not decide SMS's claim for attorney's fees here - as they depend on the final resolution of the case.

Accordingly, and for the reasons enumerated above **IT IS ORDERED** that Defendants' Motion for Summary Judgement (Rec. Doc. No. 21) is **DENIED.**

New Orleans, Louisiana, this 19th day of March, 2014.

_____

UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds a disputed issue of material fact on the indemnity issue, sufficient to permit the counterclaim to proceed to trial, the Court does not resolve at this time whether or not JAB's claim of duress is additionally a disputed issue of material fact or can be decided as a matter of law.