```
         UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF LOUISIANA
```

**JAB ENERGY SOLUTIONS II, LLC**                    **CIVIL ACTION**

**VERSUS**                                          **NO. 13-556**

**SERVICIO MARINA SUPERIOR, L.L.C., ET AL.**        **SECTION "B"(4)**

ORDER AND REASONS

Before the Court are three motions filed by the parties following the United States Court of Appeals for the Fifth Circuit's Judgment, issued as mandate, reversing this Court's Judgment on one of three issues presented. The first motion is Plaintiff JAB Energy Solutions II, LLC's ("JAB") "Motion for Disbursement of Security Bond." Rec. Doc. 100. JAB also filed a "Motion for Attorney Fees and Legal Costs on Appeal." Rec. Doc. 101.[1] Finally, Defendant Servicio Marina Superior, LLC ("SMS") filed a "Motion to Adjust Award of Attorneys' Fees" due to the partial reversal on appeal. Rec. Doc. 102. Timely opposition memoranda were filed with respect to each motion. The Court also granted leave for JAB to file reply memoranda in support of its motion for disbursement and motion for fees and costs on appeal. For the reasons outlined below,

---

[1] JAB originally filed its motion for attorneys' fees on March 11, 2016, prior to the Fifth Circuit issuing its Judgment as mandate. However, on April 21, 2016, JAB reurged its motion following the Judgment being issued as mandate, incorporating by reference the previous motion. Accordingly, this Court dismissed the original motion (Rec. Doc. 95) as moot considering the fact that JAB incorporated the same arguments into its reurged motion (Rec. Doc. 101). *See* Rec. Doc. 104.

1

**IT IS ORDERED** that the Motion for Disbursement (Rec. Doc. 100) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Motion for Attorney fees and Legal Costs on Appeal (Rec. Doc. 101) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Motion to Adjust Attorneys' Fees (Rec. Doc. 102) is **DENIED.**

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a contract between JAB and SMS requiring SMS's vessel, the Atlas, to tow a barge owned by Cashman Equipment Corp. ("Cashman") and an oil drilling platform from Louisiana to Malaysia so that JAB could install the drilling platform in Malaysia. Rec. Doc. 106 at 4. After the Atlas experienced repeated problems throughout the journey, forcing JAB to locate another tug to complete the voyage, JAB filed suit against SMS and Cashman for breach of contract. *Id*. at 4-5. Following a bench trial, this Court issued its Reasons for Ruling and Order in favor of JAB and against SMS and Cashman. Rec. Doc. 75. The Court granted judgment in favor of JAB in the amount of $4,864,214.89, plus prejudgment interest from the date of judicial demand. *Id*. at 42. It also awarded reasonable attorneys' fees and costs, to be determined at a later time. *Id*. Several weeks later, the parties reached a joint stipulation with respect to attorneys' fees. Rec. Doc. 81. While reserving "all rights to seek relief,

including appeal, on all entitlement issues," the parties stipulated to $439,576.02 as a reasonable amount of attorneys' fees. *Id.* at 1. Thereafter, the Court entered Judgment in favor of JAB in a total amount of $5,303,790.91 plus prejudgment interest from the date of judicial demand. Rec. Doc. 82.

Cashman and SMS then appealed three of this Court's findings to the United States Court of Appeals for the Fifth Circuit: (1) that Cashman and SMS breached two warranties under the contract; (2) that neither the contract's terms nor any subsequent agreement barred JAB's claim; and (3) that Cashman was the alter ego of SMS. Rec. Doc. 106 at 3-4. On appeal, the Fifth Circuit affirmed this Court's judgment "in all respects as to SMS," affirmed the dismissal of Cashman's counterclaim, and reversed "the judgment of liability as to Cashman, which was predicated on an erroneous alter ego finding." Rec. Doc. 106 at 4. It then rendered judgment in favor of Cashman on JAB's claim against it. *Id*.

## II. DISCUSSION

The Court will begin by addressing the parties' motions regarding attorneys' fees.

### a. The Attorneys' Fees Motions

#### 1. The parties' contentions

JAB's motion seeks an award of $91,495.00 in legal fees and $233.84 in costs billed by its counsel, Jones Walker, for its appellate work. JAB maintains that an award of attorneys' fees

3

incurred on appeal is justified by the Contract of Affreightment, the Stipulation between the parties, and this Court's Judgment. Rec. Docs. 95-1 at 2; 101-1 at 2. JAB further contends that the amount of fees sought is supported by a reasonable application of the lodestar method. Rec. Doc. 95-1 at 4. In particular, JAB claims that the billing rates of $325 per hour for partners and $190 per hour for associates are eminently reasonable for this type of work in this locale. Rec. Doc. 95-1 at 6-8. JAB further asserts that the 350.6 hours expended is adequately documented and reasonable under the circumstances. Rec. Doc. 95-1 at 8-10. For these reasons, JAB urges the Court to grant its motion for attorneys' fees.

SMS and Cashman oppose the motion primarily on the ground that it is untimely under Federal Rule of Civil Procedure 54(d)(2) because it was not filed within 14 days of this Court's Judgment. Rec. Doc. 108 at 2. Further, Defendants contend that JAB did not properly reserve its right to seek appellate attorneys' fees because the Stipulation did not expressly address appellate attorneys' fees and JAB did not provide a fair estimate of the amount of such fees. *Id.* (citing to *South Tex. Elec. Coop v. Dresser-Rand Co.*, No.06-28, 2010 WL 1855959, at *4 (S.D. Tex. May 5, 2010)). In the alternative, if this Court finds that the motion is timely, SMS and Cashman argue that JAB'S requested fees should be reduced to account for JAB's: (1) ultimately unsuccessful claim against Cashman; and (2) failure to demonstrate billing judgment.

4

Rec. Doc. 108 at 13. Defendants also urge this Court to hold an evidentiary hearing to properly analyze the amount of time spent on claims related to SMS if JAB contends that fees sought against SMS are indistinguishable from those against Cashman. *Id*.

JAB does not contest that it failed to file a motion for appellate attorneys' fees within the timeframe set by Rule 54(d). Instead, it claims that Defendants' reliance on *Dresser-Rand* is misplaced because the court there stated that the parties could reserve their rights to seek appellate attorneys' fees, which JAB maintains it did here.[2] Rec. Doc. 99 at 2. Further, JAB contends that appellate attorneys' fees are usually ripe for consideration only after an appeal is complete. *Id*. JAB therefore claims that it is entitled to such fees.

Defendants also submitted their own motion to adjust the amount of attorneys' fees awarded pursuant to the parties' earlier Stipulation. Rec. Doc. 102. The essence of Defendants' argument is that the Stipulation calculated attorneys' fees based on JAB's success against both Defendants at trial, but because judgment against Cashman was reversed on appeal, the original attorneys' fee award should be reduced accordingly. *See* Rec. Doc. 102-1. Moreover, because the Stipulation permitted the parties to seek relief on all entitlement issues, Defendants claim they should be

---

[2] JAB, however, fails to identify the portion of the *Dresser-Rand* opinion to which it refers.

5

permitted to seek a reduction in the amount of attorneys' fees. *Id*. at 2. Finally, Defendants maintain that granting their motion is necessary to comply with the mandate rule, which requires a lower court on remand to implement both the letter and spirit of the appellate court's mandate. *Id*.

In opposition, JAB claims that, even though entitlement to attorneys' fees was reserved under the Stipulation, Defendants' did not effectively assert that right because they did not appeal the issue. Rec. Doc. 105 at 1. Additionally, they claim that the law of the case doctrine prohibits this Court from adjusting the amount of attorneys' fees awarded pursuant to the Stipulation because the Fifth Circuit explicitly affirmed the judgment in all respects as to SMS and did not remand for consideration of any issues. *Id*. at 2.

### 2. Analysis

To prevent litigants from reasserting the same arguments time and again, the law of the case doctrine provides that "an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *U.S. v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (quoting *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002)). Additionally, the mandate rule, "a specific application of the general doctrine of law of the case," requires a lower court on remand to "implement both the letter and the spirit of the

6

appellate court's mandate" and prevents the lower court from disregarding the explicit directives of the appellate court. *Id.* (quoting *U.S. v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998). There are, however, three exceptions to the law of the case doctrine and the mandate rule: "(1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Id.* (citing *Becerra*, 155 F.3d at 752-53).

Here, the Fifth Circuit did not remand for further consideration of any issues. *See* Rec. Doc. 106. The mandate states that this Court's judgment of liability as to Cashman is reversed, but it also affirms the judgment "in all respects as to SMS." *Id.* at 4. This Court reads the Fifth Circuit's ruling as affirmatively approving the amount of the award, in all respects, rendered for JAB against SMS. Therefore, granting Defendants' motion to reduce the amount of attorneys' fees included within the original Judgment would constitute a refusal to implement, and a complete disregard of, the letter of the appellate court's mandate. Moreover, Defendants do not argue for the application of any of the three exceptions in this case. Accordingly, the mandate rule requires this Court to deny Defendants' motion to reduce the amount of attorneys' fees.

The same logic applies with respect to JAB's request for attorneys' fees because any adjustment of the amount of fees would alter the judgment against SMS that the Fifth Circuit explicitly approved. Another reflection of the appellate court's intent is that it explicitly ordered that appellate costs be awarded to JAB and against SMS but did not order such with respect to appellate attorneys' fees. *See* Rec. Doc. 106 at 2 (ordering that "Servicio Marina Superior pay to the plaintiff-appellee the costs on appeal to be taxed by the Clerk of this Court."). *See also ATEL Mar. Inv'rs, LP v. Sea Mar Mgmt., L.L.C.*, No. 08-1700, 2015 WL 423308, at *4 (E.D. La. Feb. 2, 2015) (noting that "[i]t has long been held that 'costs on appeal' do not include attorneys' fees," and refusing to "alter the Fifth Circuit's mandate" by granting appellate attorneys' fees where the appellate court only awarded costs).

Yet, even if the Fifth Circuit did not intend to deny JAB access to appellate attorneys' fees, this Court finds JAB's motion untimely under Rule 54(d)(2). Rule 54(d)(2)(A) provides that "[a] claim for attorneys' fees and related nontaxable expenses must be made by motion." FED. R. CIV. P. 54(d)(2)(A). Further, Rule 54(d)(2)(B)(i) requires the motion "be filed no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B)(i). While JAB may be correct that motions for appellate attorneys' are not ripe until after the appeal process ends, courts in this circuit


have explicitly found that the ripeness issue does not excuse a party from meeting Rule 54's requirement that a motion for attorneys' fees be filed within fourteen days of the district court's judgment.[3] *See ATEL*, 2015 WL 423308, at *3 (denying appellate attorneys' fees where "[Plaintiff's] initial fee motion did not request appellate attorneys' fees, indicate that appellate attorney's fees would be sought in the future, or provide a fair estimate of any future fees"); *Dresser-Rand*, 2010 WL 1855959, at *3-4 (denying appellate attorneys' fees on the same grounds).

Here, JAB did not file its motion for attorney's fees until roughly nine months after this Court entered judgment. *See* Rec. Docs. 82, 95, 101. While JAB argues that the language included within the Stipulation (reserving for both parties all rights to seek relief on all entitlement issues) was sufficient to put Defendants on notice of their intent to seek appellate attorneys' fees, Rule 54(d)(2) requires any claim for attorney's fees to be made by *motion*.[4] FED. R. CIV. P. 54(d)(2)(A). The Stipulation was also insufficient to preserve JAB's right to appellate attorneys'

---

[3] JAB does not argue that the term "judgment" within Rule 54(d)(2) also applies to the mandate or opinion of the Fifth Circuit. However, even if it did, the authority reviewed by this Court persuasively argues that Rule 54(d)(2) only applies to judgments of the district courts. *See Dresser-Rand*, 2010 WL 1855959, at *3-4; *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau County, Inc.,* No. 00-7394, 2013 WL 6388633, at *3 (E.D.N.Y. Dec. 5, 2013).

[4] In fact, this Court ordered JAB to file its motion for attorneys' fees by June 15, 2015. Rec. Doc. 75. However, JAB never filed any such motion, instead reaching an agreement on attorneys' fees memorialized in the Stipulation.

have explicitly found that the ripeness issue does not excuse a party from meeting Rule 54's requirement that a motion for attorneys' fees be filed within fourteen days of the district court's judgment.[3] *See ATEL*, 2015 WL 423308, at *3 (denying appellate attorneys' fees where "[Plaintiff's] initial fee motion did not request appellate attorneys' fees, indicate that appellate attorney's fees would be sought in the future, or provide a fair estimate of any future fees"); *Dresser-Rand*, 2010 WL 1855959, at *3-4 (denying appellate attorneys' fees on the same grounds).

Here, JAB did not file its motion for attorney's fees until roughly nine months after this Court entered judgment. *See* Rec. Docs. 82, 95, 101. While JAB argues that the language included within the Stipulation (reserving for both parties all rights to seek relief on all entitlement issues) was sufficient to put Defendants on notice of their intent to seek appellate attorneys' fees, Rule 54(d)(2) requires any claim for attorney's fees to be made by *motion*.[4] FED. R. CIV. P. 54(d)(2)(A). The Stipulation was also insufficient to preserve JAB's right to appellate attorneys'

---

[3] JAB does not argue that the term "judgment" within Rule 54(d)(2) also applies to the mandate or opinion of the Fifth Circuit. However, even if it did, the authority reviewed by this Court persuasively argues that Rule 54(d)(2) only applies to judgments of the district courts. *See Dresser-Rand*, 2010 WL 1855959, at *3-4; *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau County, Inc.,* No. 00-7394, 2013 WL 6388633, at *3 (E.D.N.Y. Dec. 5, 2013).

[4] In fact, this Court ordered JAB to file its motion for attorneys' fees by June 15, 2015. Rec. Doc. 75. However, JAB never filed any such motion, instead reaching an agreement on attorneys' fees memorialized in the Stipulation.

fees because it did not include a fair estimate of the amount of appellate attorneys' fees that would be sought. *See ATEL*, 2015 WL 423308, at *3. Accordingly, JAB's motion must be denied in part with respect to the request for appellate attorneys' fees. However, because the Fifth Circuit explicitly awarded JAB costs on appeal,[5] the motion will be granted in that respect.

### b. The Motion for Disbursement of Security Bond

Pursuant to Local Rule 67.3, JAB also filed a motion for disbursement urging this Court to order the Clerk of Court to distribute $5,467.429.12 plus all legal fees incurred on appeal from the bond filed with the Court by Defendants as security pending appeal. Rec. Doc. 100. That amount allegedly represents the Judgment of $4,864,214.89, prejudgment interest up to June 15, 2015 and the stipulated attorneys' fees. Rec. Doc. 100-1 at 2. Defendants opposed the motion on the grounds that disbursement should not occur until all remaining fee issues are resolved and that SMS has the capacity to pay the judgment, making disbursement through the security bond unnecessary and unwarranted. Rec. Doc. 107 at 1. SMS maintains that, once the amount of the award is finally determined, SMS will comply with an order that it pay the determined amount to JAB without the need for disbursement of the security bond. *Id*. at 107. In reply, JAB claims that SMS has showed

---

[5] The Fifth Circuit taxed costs at $105. Accordingly, the Court awards that amount rather than the $233.84 sought by JAB.

10

no willingness to pay the undisputed amounts of the Judgment and thus disbursement should be ordered as it is entitled to pursue recovery in the manner it deems most efficient. Rec. Doc. 114. at 1-3.

Given SMS's apparent willingness to pay the judgment now that all disputed fees issues have been resolved and JAB's failure to cite any authority requiring disbursement instead, it is ordered that SMS have fourteen days from the date of this Order to satisfy the entirety of the Judgment. If it fails to do so within that timeframe, JAB may reurge its motion *ex parte* in compliance with Local Rule 67.3

### III. CONCLUSION

For the reasons outlined above,

**IT IS ORDERED** that Defendants' motion to adjust attorneys' fees is **DENIED**. Rec. Doc. 102.

**IT IS FURTHER ORDERED** that JAB's motion for attorneys' fees and costs incurred on appeal is **GRANTED** in part and **DENIED** in part. The motion is granted with respect to the costs taxed by the Fifth Circuit on appeal.

**IT IS FURTHER ORDERED** that the motion for disbursement of security bond is **DENIED WITHOUT PREJUDICE** to reurge *ex parte* if SMS fails to satisfy the Judgment in full within **fourteen (14) days** of this Order. Pursuant to the Judgment of this Court and the mandate of the United States Court of Appeals for the Fifth

Circuit, SMS shall pay to JAB $4,864,214.89, plus $439,576.02 as attorneys' fees and costs pursuant to the Stipulation, plus $105 as costs taxed on appeal, for a total of $5,303,895.91 plus prejudgment interest from the date of judicial demand and post-judgment interest in accordance with 28 U.S.C. § 1961(a).

New Orleans, Louisiana, this 13th day of July, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE